**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

|  |  |
|---|---|
| HOLLY STEELE, | |
| Plaintiff, | Civil Action No.: _____ |
| v. | |
| MONGE & ASSOCIATES, LLC, JOHN DOE ENTITY d/b/a ACCIDENT CLAIMS HELPLINE, and JOHN DOE, | |
| Defendants. | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant MONGE & ASSOCIATES, LLC ("Monge") hereby removes the action now pending in the Court of Common Pleas for Charleston County, South Carolina, Civil Action No. 2026-CP10-02233, styled as *Holly Steele v. Monge & Associates, LLC, John Doe Entity d/b/a ACCIDENT CLAIMS HELPLINE, and JOHN DOE* (the "State Court Action"), to this Court. Defendant Monge invokes the jurisdiction of the United States District Court for the District of South Carolina and shows the following grounds for removal:

**I.    PROCEDURAL BACKGROUND.**

1.    On April 28, 2026, Plaintiff Holly Steele ("Plaintiff") filed a Summons and Complaint in the Court of Common Pleas for Charleston County, South Carolina, commencing the State Court Action against Monge & Associates, LLC; John Doe Entity d/b/a Accident Claims Helpline; and John Doe (collectively, "Defendants"). A true and correct copy of the Summons and Complaint is attached as **Exhibit 1**.

328461579v.1

2.      Attached hereto as **Exhibit 2** are copies of all other filings of record in the State Court Action.

3.      Pursuant to 28 U.S.C. § 1446(a), Exhibits 1 & 2 hereto contains all pleadings, process, and other documents filed in the State Court Action.

4.      By filing this Notice of Removal, Defendant Monge does not waive its right to personal jurisdiction, service of process, or sufficiency of process. Defendant Monge also reserves the right to assert any defenses and objections to which it may become entitled.

## II.    <u>REMOVAL IS PROPER UNDER FEDERAL QUESTION JURISDICTION.</u>

5.      Plaintiff's Complaint asserts nine causes of action: six under the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10, et seq. (the "SCTPPA") (Counts I–VI), and three under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") (Counts VII–IX).

6.      Removal is proper under 28 U.S.C. § 1441(a) because this Court has original federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff pleads three causes of action under the TCPA based on alleged prerecorded or artificial voice calls to a cellular telephone and alleged violations of the National Do Not Call Registry. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); 47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c), (d).

7.      The United States Supreme Court has held that private TCPA claims "plainly arise under the laws of the United States," and federal and state courts have concurrent jurisdiction over such claims. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012). District courts in South Carolina apply *Mims* and routinely recognize federal question jurisdiction over TCPA claims. *See Gallipeau v. Renewal By Andersen, LLC*, No. 3:23-cv-543-TMC-MHC, 2023 U.S. Dist. LEXIS 99702, at *4 (D.S.C. Apr. 17, 2023).

8. Because Plaintiff's Complaint asserts TCPA claims on its face, this action arises under federal law and is removable under 28 U.S.C. §§ 1331 and 1441(a). *Mims*, 565 U.S. at 386–87; *Gallipeau*, 2023 U.S. Dist. LEXIS 99702, at *4.

## III. THE COURT POSSESSES SUPPLEMENTAL JURISDICTION OVER PLAINTIF'S STATE LAW CLAIMS.

9. Plaintiff's SCTPPA claims are based on the same alleged 2023 calling campaign that underlies her TCPA claims and therefore form part of the same case or controversy as the federal claims. See 28 U.S.C. § 1367(a). The Court should exercise supplemental jurisdiction because the SCTPPA claims share a common nucleus of operative fact with the TCPA claims and do not predominate or present novel or complex issues. *See* 28 U.S.C. § 1367(c); *Shanaghan v. Cahill*, 58 F.3d 106, 109-10 (4th Cir. 1995).

10. *Epcon Homestead, LLC v. Town of Chapel Hill* confirms that federal courts may exercise supplemental jurisdiction over related state law claims. 62 F.4th 882 (4th Cir. 2023). Here, Plaintiff asserts TCPA claims and the SCTPPA claims are closely related and do not predominate. Accordingly, supplemental jurisdiction exists and should be exercised. *See also Shanaghan*, 58 F.3d at 109-10.

## IV. REMOVAL IS PROPER UNDER DIVERSITY JURISDICTION.

11. As an independent and alternative basis for removal, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000, exclusive of interest and costs; there is complete diversity between Plaintiff and Defendant Monge; and removal otherwise complies with §§ 1441 and 1446. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

### A. Complete Diversity Exists

328461579v.1

12.     Pursuant to 28 U.S.C. § 1332(a), the Court has subject matter jurisdiction over this action because there is complete diversity of citizenship between Plaintiff and Defendant Monge.

13.     Plaintiff is a resident of Charleston County, South Carolina, and is therefore a citizen of South Carolina for purposes of 28 U.S.C. § 1332. (Compl., ¶ 6).

14.     Defendant is a limited liability company organized and existing under the laws of the State of Georgia. (*See* Complaint at ¶ 8).

15.     Defendant Monge is a limited liability company organized under the laws of the State of Georgia. For diversity purposes, a limited liability company is a citizen of every state of which its members are citizens. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120-21 (4th Cir. 2004).

16.     Defendant Monge's sole member is Scott Monge, who is domiciled in Georgia. Accordingly, Defendant Monge is a citizen of Georgia for diversity purposes. *See Life Cycle Eng'g, Inc. v. Amee Bay, LLC*, Civil Action No. 2:12-699-RMG, 2012 U.S. Dist. LEXIS 191172 (D.S.C. May 10, 2012).

### B. The Amount In Controversy Is Sufficient

17.     The amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

18.     The Supreme Court of the United States has held that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

19.     In diversity cases, district courts examine the Complaint at the time of removal to determine the amount in controversy. *See, e.g.*, *Thompson v. Victoria Fire & Casualty Co.*, 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S.

328461579v.1

283, 292 (1938)); *Castellanos v. Fluor-Lane S.C., LLC*, No. 2:22-cv-01970-DCN, 2022 U.S. Dist. LEXIS 145301, at *4 (D.S.C. Aug. 12, 2022).

20.    In general, "'the sum claimed by a plaintiff in her complaint determines the jurisdictional amount,'" and it is permissible to "'plead less than the jurisdictional amount to avoid federal jurisdiction,'" *Leggett v. Holiday Kamper Co. of Columbia*, No. 2:20-cv-00333-DCN, 2020 U.S. Dist. LEXIS 45322, at *6 (D.S.C. March 13, 2020) (quoting *Village Park Homes LLC v. Hancock Askew & Co LLP*, No. 9:16-cv-02828-DCN, 2016 WL 7383919, at *2 (D.S.C. Dec. 21, 2016)), provided the stated amount is "asserted in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).

21.    Plaintiff alleges she received twenty-five (25) telephone solicitations between May 17, 2023 and August 21, 2023. (Compl., ¶¶ 35–44). Based on those calls, Plaintiff pleads three TCPA causes of action: (i) sixteen (16) violations of § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2) for prerecorded/artificial voice calls to a cellular number; (ii) twenty-five (25) violations of 47 C.F.R. § 64.1200(c) / 47 U.S.C. § 227(c)(5) (National Do Not Call); and (iii) violations of 47 C.F.R. § 64.1200(d) / 47 U.S.C. § 227(c)(5) (internal do-not-call), for a total of sixty-five (65) pleaded TCPA violations. (Compl. ¶¶ 87–106 (Counts VII–IX)).

22.    The TCPA authorizes statutory damages of $500 per violation, and up to $1,500 per willful or knowing violation, plus injunctive relief. 47 U.S.C. § 227(b)(3), (c)(5). Plaintiff pleads that all TCPA violations were "willful and knowing" and seeks treble damages. (Compl. ¶¶ 91–92, 98–99, 105–106). On those pleaded allegations, Plaintiff's alleged TCPA statutory damages alone amount to no less than $97,500 (65 violations × $1,500), exceeding the jurisdictional threshold.

328461579v.1

23. The Fourth Circuit recognizes that a plaintiff may recover separate penalties under separate subsections of 47 U.S.C. § 227 where a single call violates multiple provisions, further confirming that Plaintiff's pleaded theory places more than $75,000 in controversy. *See Mey v. Phillips*, 62 F.4th 516, 535–36 (4th Cir. 2023); *Bigerstaff v. Voice Power Telecomms., Inc.*, 221 F. Supp. 2d 652, 657–59 (D.S.C. 2002).

24. Plaintiff also seeks increased statutory damages, attorneys' fees, and injunctive relief on her SCTPPA claims, which—while not necessary to reach the threshold—further demonstrate the stakes pleaded by Plaintiff. *See*, e.g., S.C. Code § 37-21-80 (authorizing up to $5,000 for each willful violation plus fees and costs).

## V.     REMOVAL TO THIS COURT IS PROCEDURALLY PROPER

25. Venue is proper in this district pursuant to 28 U.S.C. § 1446(a) because the United States District Court for the District of South Carolina embraces the venue where the State Court Action is pending.

26. Removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendant Monge files this Notice of Removal prior to being served with the State Court Action or within thirty (30) days of service in the State Court Action.

27. Pursuant to 28 U.S.C. § 1446(d), Defendant Monge is timely providing written notice to each adverse party and timely filing a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of Charleston County, South Carolina. A copy of the Notice of Filing Notice of Removal being filed with the Court of Common Pleas is attached hereto as **Exhibit 3**.

28. Defendant Monge does not require the consent of any other defendant to remove this action to this Court.

a.  No other defendant has yet been served. Thus, no other defendant has been properly joined and served. *See* 28 U.S.C. § 1446(b)(2)(A).

b.  Unknown or unserved defendants need not join or consent and are disregarded for removal. *See Brown v. Doe*, No. 0:17-cv-02333-MBS, 2018 U.S. Dist. LEXIS 2719 (D.S.C. Jan. 8, 2018); *Ross Dev. Corp. v. Fireman's Fund Ins. Co.*, No. 2:08-03672-MBS, 2009 U.S. Dist. LEXIS 153732 (D.S.C. May 26, 2009).

c.  Therefore, Defendant Monge does not require the consent of the fictitious defendants John Doe Entity d/b/a Accident Claims Helpline and John Doe.

## CONCLUSION

WHEREFORE, Defendant Monge respectfully requests the Court assume jurisdiction over this matter.

Respectfully submitted this 2nd day of June, 2026.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

*/s/ Lawrence Lee Washburn IV*
Lawrence Lee Washburn IV
Fed. Id. No. 14068
3348 Peachtree Road NE, Suite 1400
Atlanta, GA 30326
Telephone: (470) 419-6650 (Main)
Facsimile: (470) 419-6651
lee.washburn@wilsonelser.com
*Attorneys for Defendant*
*Monge & Associates, LLC*

328461579v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I filed the foregoing Notice of Removal with the Clerk of the United States District Court for the District of South Carolina via CM/ECF and served a copy of the same by United States Mail, first-class postage prepaid, and by electronic mail upon the following parties:

Holly Steele
3915 Nelson View Drive
Awendaw, SC 29429
holly0143@gmail.com
*Plaintiff Pro se*

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**

*<u>/s/ Lawrence Lee Washburn IV</u>*
Lawrence Lee Washburn IV
Fed. Id. No. 14068
*Attorney for Defendant*
*Monge & Associates, LLC*

328461579v.1