**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| HOLLY STEELE,<br><br>Plaintiff,<br><br>v.<br><br>MONGE & ASSOCIATES, LLC,<br>JOHN DOE ENTITY d/b/a<br>ACCIDENT CLAIMS HELPLINE,<br>and JOHN DOE,<br><br>Defendants. | Case No.: 2:26-cv-02162-RMG-KDW<br><br>**DEFENDANT MONGE & ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Monge & Associates, LLC ("Monge" or "this Defendant"), hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, stating as follows:

**<u>FOR A FIRST DEFENSE AND BY WAY OF ANSWER</u>**

<u>Preliminary Statement</u>

1. Paragraph 1 is a statement of intent or a conclusion of law to which Defendant Monge owes no response. To the extent a response is required, Defendant Monge admits Plaintiff's Complaint purports to allege claims arising under the statutes cited in Paragraph 1.

2. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 2 regarding Plaintiff's receipt of the alleged solicitations and therefore denies same.

3. Denied.

4. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 4 regarding Plaintiff's receipt of alleged telephone solicitations and therefore denies same.

5. Paragraph 5 is a statement of intent or a conclusion of law to which Defendant Monge owes no response. To the extent a response is required, Defendant Monge denies Plaintiff is entitled to the damages described in Paragraph 5.

<u>Parties and Jurisdiction</u>

6. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 6.

7. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 7.

8. Admitted.

9. Defendant Monge admits it is a personal injury law firm that represents clients in the State of South Carolina. Defendant Monge denies the remaining allegations contained in Paragraph 9.

10. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 10.

11. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 11.

12. Defendant Monge admits it is subject to this Court's jurisdiction, but denies the remaining factual allegations and legal conclusions contained in Paragraph 12. Defendant Monge further denies the allegations in Paragraph 12 upon which Plaintiff purports to establish jurisdiction over Defendant Monge.

13. Upon information and belief, Plaintiff alleges she received the calls in Charleston County, South Carolina. Therefore, Defendant Monge admits this Court has venue over this action, but denies the remaining factual allegations and legal conclusions contained in Paragraph 13.

<u>The South Carolina Telephone Privacy Protection Act</u>

14. Paragraph 14 is a statement or conclusion of law to which Defendant Monge owes no response. To the extent a response is required, Defendant Monge states the cited statute speaks for itself and Defendant Monge denies any allegation, express or implied, that misstates the cited statute. Defendant Monge further denies any violation of the cited statute.

15. Paragraph 15 is a statement or conclusion of law to which Defendant Monge owes no response. To the extent a response is required, Defendant Monge states the cited statute speaks for itself and Defendant Monge denies any allegation, express or implied, that misstates the cited statute. Defendant Monge further denies any violation of the cited statute.

16. Paragraph 16 is a statement or conclusion of law to which Defendant Monge owes no response. To the extent a response is required, Defendant Monge states the cited statute speaks for itself and Defendant Monge denies any allegation, express or implied, that misstates the cited statute. Defendant Monge further denies any violation of the cited statute.

17. Paragraph 17 is a statement or conclusion of law to which Defendant Monge owes no response. To the extent a response is required, Defendant Monge states the cited statute speaks for itself and Defendant Monge denies any allegation, express or implied, that misstates the cited statute. Defendant Monge further denies any violation of the cited statute.

18. Paragraph 18 is a statement or conclusion of law to which Defendant Monge owes no response. To the extent a response is required, Defendant Monge states the cited statute speaks for itself and Defendant Monge denies any allegation, express or implied, that misstates the cited statute. Defendant Monge further denies any violation of the cited statute.

The Telephone Consumer Protection Act

19. Paragraph 19 is a statement or conclusion of law to which Defendant Monge owes no response. To the extent a response is required, Defendant Monge states the cited statute speaks for itself and Defendant Monge denies any allegation, express or implied, that misstates the cited statute. Defendant Monge further denies any violation of the cited statute.

20. Paragraph 20 is a statement or conclusion of law to which Defendant Monge owes no response. To the extent a response is required, Defendant Monge states the cited statute speaks for itself and Defendant Monge denies any allegation, express or implied, that misstates the cited statute. Defendant Monge further denies any violation of the cited statute.

21. Paragraph 21 is a statement or conclusion of law to which Defendant Monge owes no response. To the extent a response is required, Defendant Monge states the cited statute speaks for itself and Defendant Monge denies any allegation, express or implied, that misstates the cited statute. Defendant Monge further denies any violation of the cited statute.

22. Paragraph 22 is a statement or conclusion of law to which Defendant Monge owes no response. To the extent a response is required, Defendant Monge states the cited statute speaks for itself and Defendant Monge denies any allegation, express or implied, that misstates the cited statute. Defendant Monge further denies any violation of the cited statute.

Facts

23. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 23.

24. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 24.

25. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 25.

26. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 26.

27. Denied.

28. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 28.

29. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 29.

30. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 30.

31. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 31.

32. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 32.

33. Denied.

34. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 34.

35. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 35.

36. Denied.

37. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 37.

38. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 38.

39. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 39.

40. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 40.

41. Denied.

42. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 42.

43. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 43.

44. Denied.

Vicarious Liability

45. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 45 regarding the conduct of any John Doe Entity and therefore denies same. Defendant Monge denies any agency relationship with any John Doe Entity.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

Willfulness

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 54.

55. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 55.

56. Denied.

57. Paragraph 57 is a statement or conclusion of law to which Defendant Monge owes no response. To the extent a response is required, Defendant Monge states Rule 7.3 of the South Carolina Rules of Professional Conduct speaks for itself and Defendant Monge denies any allegation, express or implied, that misstates Rule 7.3. Defendant Monge further denies any violation of Rule 7.3 with respect to Plaintiff.

**First Cause Of Action**
(S.C. Code § 37-21-40)

58. Defendant Monge reasserts and realleges its responses to each of the preceding paragraphs of Plaintiff's Complaint as if set forth in full herein.

59. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 59.

60. Denied.

61. Denied. Defendant Monge denies that it violated S.C. Code § 37-21-40 and denies any liability to Plaintiff under the First Cause of Action.

62. Denied.

**Second Cause of Action**
(S.C. Code § 37-21-60(1))

63. Defendant Monge reasserts and realleges its responses to each of the preceding paragraphs of Plaintiff's Complaint as if set forth in full herein.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

**Third Cause Of Action**
(S.C. Code § 37-21-60(2))

68. Defendant Monge reasserts and realleges its responses to each of the preceding paragraphs of Plaintiff's Complaint as if set forth in full herein.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

**Fourth Cause Of Action**
(S.C. Code § 37-21-70(A))

73. Defendant Monge reasserts and realleges its responses to each of the preceding paragraphs of Plaintiff's Complaint as if set forth in full herein.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

**Fifth Cause of Action**
(S.C. Code § 37-21-70(B))

78. Defendant Monge reasserts and realleges its responses to each of the preceding paragraphs of Plaintiff's Complaint as if set forth in full herein.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

**Sixth Cause of Action**
(S.C. Code § 37-21-80)

83. Defendant Monge reasserts and realleges its responses to each of the preceding paragraphs of Plaintiff's Complaint as if set forth in full herein.

84. Denied.

85. Denied.

86. Denied. Defendant Monge denies that Plaintiff is entitled to injunctive relief against Defendant Monge. Plaintiff has not and cannot demonstrate a real or immediate threat of future injury from Defendant Monge.

**Seventh Cause of Action**
(47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2))

87. Defendant Monge reasserts and realleges its responses to each of the preceding paragraphs of Plaintiff's Complaint as if set forth in full herein.

88. Denied.

89. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 89.

90. Denied.

91. Denied.

92. Denied. Defendant Monge denies that Plaintiff is entitled to any statutory damages from Defendant Monge under 47 U.S.C. § 227(b)(3).

**Eighth Cause Of Action**
(47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c))

93. Defendant Monge reasserts and realleges its responses to each of the preceding paragraphs of Plaintiff's Complaint as if set forth in full herein.

94. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 94.

95. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 95.

96. Denied. Defendant Monge denies that it violated 47 U.S.C. § 227(c)(5) or 47 C.F.R. § 64.1200(c) and denies any liability to Plaintiff under the Eighth Cause of Action.

97. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 97.

98. Denied.

99. Denied.

**Ninth Cause Of Action**
(47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d))

100. Defendant Monge reasserts and realleges its responses to each of the preceding paragraphs of Plaintiff's Complaint as if set forth in full herein.

101. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 101.

102. Denied.

103. Denied. Defendant Monge denies that it violated 47 U.S.C. § 227(c)(5) or 47 C.F.R. § 64.1200(d) and denies any liability to Plaintiff under the Ninth Cause of Action.

104. Defendant Monge lacks sufficient information to admit or deny the allegations contained in Paragraph 104.

105. Denied.

106. Denied.

107. Defendant Monge denies all paragraphs of the Complaint not expressly admitted herein.

**Prayer For Relief**

108. Defendant Monge denies Plaintiff is entitled to any form of relief, whether as pleaded in the Prayer for Relief / *ad damnum* clause, or otherwise.

**FOR A SECOND DEFENSE**

109. Plaintiff's Complaint fails to state a claim upon which relief can be granted against this Defendant Monge and, therefore, should be dismissed with prejudice.

**FOR A THIRD DEFENSE**

110. That the conduct of Defendant Monge was not the proximate cause of the Plaintiff's claims, if any, under any theory advanced by the Plaintiff for any relief sought in the Complaint.

**FOR A FOURTH DEFENSE**

111. Punitive damages are inappropriate in this case because Monge did not engage in any malicious, reckless, wrongful, or intentional conduct upon which an award of punitive damages would be based.

112. Any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages, as provided for in S.C. Code Ann § 15-32-520.

113. Any award of punitive damages should not exceed the greater of three (3) times the amount of compensatory damages as provided for in S.C. Code Ann. §15-32-530.

**FOR A FIFTH DEFENSE**

114. Defendant Monge did not directly initiate, make, or cause any of the telephone calls or messages alleged in the Complaint. Any alleged violations are attributable solely to third parties over whom Defendant Monge had no control.

**FOR A SIXTH DEFENSE**

115. Defendant Monge is not vicariously liable for any alleged conduct of any third party. Plaintiff cannot establish an agency relationship between Defendant Monge and any alleged caller under federal common law principles. Specifically, Plaintiff cannot establish actual authority, apparent authority, or ratification. Any third party involved in the alleged conduct acted outside Defendant Monge's control, direction, or authorization.

**FOR A SEVENTH DEFENSE**

116. To the extent Plaintiff provided consent to receive communications, any such claims are barred.

**FOR AN EIGHTH DEFENSE**

117. To the extent any telephone solicitations were made that violated the do not call provisions of the TCPA, Defendant Monge has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations, as provided for in 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

**FOR A NINTH DEFENSE**

118. To the extent any telephone solicitations were made that violated S.C. Code Ann. § 37-21-70, Defendant Monge has established and implemented, with due care, reasonable

practices and procedures to effectively prevent telephone solicitations in violation of that section, as provided for in S.C. Code Ann. § 37-21-70(C).

**FOR A TENTH DEFENSE**

119. To the extent any violation of the SCTPPA occurred, any such violation was not intentional and resulted from a bona fide error, as provided for in S.C. Code Ann. § 37-21-80(E).

**FOR AN ELEVENTH DEFENSE**

120. Plaintiff's claims for enhanced, willful, or treble damages under the TCPA and SCTPPA are barred because Defendant Monge did not engage in any willful or knowing conduct in violation of either statute.

**FOR A TWELFTH DEFENSE**

121. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered a concrete and particularized injury-in-fact sufficient to establish Article III standing, as required by *TransUnion LLC v. Ramirez*, 594, U.S. 413, 141 S. Ct. 2190 (2021).

**FOR A THIRTEENTH DEFENSE**

122. Plaintiff's alleged injuries are not fairly traceable to any conduct by Defendant Monge, but rather to the conduct of third parties over whom Defendant Monge had no control.

**FOR A FOURTEENTH DEFENSE**

123. Plaintiff's damages, if any, should be reduced or barred by Plaintiff's failure to mitigate damages.

**FOR A FIFTEENTH DEFENSE**

124. Defendant Monge reserves the right to assert all other defenses revealed or available to it during or as a result of the course of discovery in this action.

WHEREFORE, having fully answered the Complaint, Defendant Monge requests:

(a) a trial by a jury of twelve;

(b) the Court dismiss the Complaint with prejudice, casting all costs against Plaintiff,

(c) alternatively, the Court enter judgment in Defendant Monge's favor, casting all costs against Plaintiff;

(d) and for such other and further relief as this Court deems just and proper.

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**

/s/ *Lawrence Lee Washburn IV*
Lawrence Lee Washburn IV, Federal Bar #14068
Aimee A. Intagliata, Federal Bar #13847
3348 Peachtree Road NE, Suite 1400
Atlanta, GA 30326
Telephone: (470) 419-6650
Facsimile: (470) 419-6651
lee.washburn@wilsonelser.com
aimee.intagliata@wilsonelser.com
***Attorneys for Defendant***
***Monge & Associates, LLC***

June 9, 2026.

**CERTIFICATE OF SERVICE**

This is to certify that I have served the foregoing **DEFENDANT MONGE & ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** by filing it via the Clerk of Court's CM/ECF system, which will automatically generate an electronic notice to all counsel of record and via U.S. Mail, sufficient prepaid postage affixed to ensure delivery, and via email to the following parties or counsel of record:

Holly Steele
3915 Nelson View Driver
Awendaw, SC 29429
Email: holly0143@gmail.com
*Plaintiff pro se*

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

/s/ *Lawrence Lee Washburn IV*
Lawrence Lee Washburn IV, Federal Bar #14068
Aimee A. Intagliata, Federal Bar #13847
3348 Peachtree Road NE, Suite 1400
Atlanta, GA 30326
Telephone: (470) 419-6650
Facsimile: (470) 419-6651
lee.washburn@wilsonelser.com
aimee.intagliata@wilsonelser.com
***Attorneys for Defendant Monge & Associates, LLC***

June 9, 2026.