RCVD - USDC - CHAS, SC
2026 JUL 30 PM4:47

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| HOLLY STEELE,<br><br>Plaintiff,<br>v.<br><br>MONGE & ASSOCIATES, LLC, JOHN DOE ENTITY d/b/a ACCIDENT HELP LINE, and JOHN DOE,<br><br>Defendants. | ) | Civil Action No.: 2:26-cv-02162-RMG-KDW<br><br>**PLAINTIFF HOLLY STEELE'S LOCAL CIVIL RULE 26.03(A) DISCLOSURES** |

**1. Statement Of Facts**

Plaintiff alleges she received multiple unsolicited telephone calls from an accident-claim and legal-services lead-generation "Campaign" that she contends was at the direction of Defendant Monge. Plaintiff further alleges that she told callers to stop and submitted a written do-not-call request, but the calls continued. Plaintiff she asserts claims under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10 et seq.

Defendant Monge denies that it initiated, made, caused, or directed any of the alleged telephone solicitations and denies the existence of any agency relationship with the unidentified lead generator or call center. Defendant Monge denies any willful or knowing conduct and denies that Plaintiff is entitled to any relief.

**2. Fact Witnesses**

A. Plaintiff Holly Steele is expected to testify regarding the unsolicited prerecorded and live telephone solicitations alleged in the Complaint, including the dates, frequency, duration, content, and circumstances of the calls; her registration on the National Do Not Call Registry; her repeated oral requests that the calls cease and her written do-not-call request; communications with representatives of Accident Claims Helpline, Monge & Associates, and other persons or entities identified through discovery as having knowledge of or involvement in the alleged telemarketing campaign; the transfer process, intake process, and documents transmitted during the campaign, including emails, client agreements, and related communications; the creation, maintenance, preservation, and authenticity of call recordings, telephone records, emails, text messages, screenshots, and other electronically stored information ("ESI"); the relationship among the telemarketing campaign, the lead generators, and Defendant Monge & Associates as reflected by

the communications and documentary evidence; Plaintiff's alleged damages; and all other matters relevant to the claims and defenses asserted in this action.

B. Representatives and employees of Defendant Monge, including but not limited to Nicole Draggoo, are expected to testify as to their person knowledge surrounding the specific allegations in the Complaint in addition to their personal knowledge of Defendant Monge's business practices in directing and coordinating lead generation through Defendant John Doe Entity, Accident Claims Helpline, and Defendant John Doe.

C. Representatives of Defendant Accident Claims Helpline and the John Doe defendants are expected to have knowledge of the purported communications, although their specific identities are presently unknown to Plaintiff.

**3. Expert Witnesses**

No expert witnesses have yet been identified in this matter.

Plaintiff anticipates disclosing experts in the fields of:

A. Telephone call forensics.

B. TCPA and/or SCTPPA telemarketing compliance and industry practices

C. Damages.

D. Claims And Defenses

**4. Summary of Claims and Defenses**

**Claims:**

Plaintiff alleges that Defendant Monge & Associates, LLC, either directly or through its agents, lead generators, marketers, or other persons acting on its behalf, initiated, caused to be initiated, or is otherwise legally responsible for a coordinated telemarketing campaign promoting accident-related legal services through unsolicited prerecorded and live telephone solicitations directed to Plaintiff's cellular telephone.

Plaintiff alleges that Defendants placed multiple telephone solicitations using prerecorded or artificial voice messages and live transfers in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10 et seq. Plaintiff further alleges that Defendants continued placing telephone solicitations after Plaintiff repeatedly requested that the calls cease, after

Plaintiff submitted a written do-not-call request, and while Plaintiff's telephone number remained listed on the National Do Not Call Registry.

Plaintiff further alleges that Defendant Monge & Associates is liable under applicable theories of direct and vicarious liability, including agency, actual authority, apparent authority, and ratification, based upon the conduct of the telemarketing campaign and the communications, intake activities, and documents transmitted or generated during the campaign. Plaintiff seeks statutory damages, enhanced damages where authorized by law, declaratory and injunctive relief as permitted by law, costs, and such other relief as the Court deems just and proper.

**Defenses:**

Defendant Monge contends it has no direct liability because it did not initiate, make, or cause any of the alleged unsolicited calls or calls after Plaintiff required no further contact, which is the predicate for liability under both statutes.

Defendant Monge further contends Plaintiff consented to the communications between Defendant Monge and Plaintiff. Defendant Monge invokes the TCPA do-not-call safe harbor for reasonable practices and procedures under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), and the parallel SCTPPA safe harbor under S.C. Code § 37-21-70(C). Defendant Monge asserts the SCTPPA bona fide error defense under S.C. Code § 37-21-80(E). Defendant Monge denies willful or knowing conduct sufficient to support enhanced damages and cites *Va. Panel Corp. v. MAC Panel Co.*, 887 F. Supp. 880 (W.D. Va. 1995); *W. Plastics, Inc. v. Dubose Strapping, Inc.*, 334 F. Supp. 3d 744 (E.D.N.C. 2018).

Defendant Monge contends that any injuries are not fairly traceable to Monge but to third parties. Defendant Monge further contends that it bears no vicarious liability under federal common-law agency principles—actual authority, apparent authority, or ratification—relying on *Hodgin v. UTC Fire & Security Americas Corp.*, No. 17-1222 (4th Cir. 2018). Defendant Monge contends that Plaintiff failed to mitigate her damages (if any). Defendant Monge further contends that any punitive or enhanced damages are capped under S.C. Code § 15-32-530. Defendant Monge reserves all additional defenses revealed through discovery.

**5. Proposed dates for the following deadlines listed in L.R. 16.02**

A. Exchange of Fed R. Civ. P. 26(a)(2) expert disclosures:

Plaintiff's expert disclosure shall occur on or before November 9, 2026.

Defendants' expert disclosure shall occur on or before December 7, 2026.

B. Completion of Discovery shall occur on or before February 5, 2027.

**6. Any special circumstances that would affect the time frames applied in preparing the scheduling order.**

None known to Plaintiff at this time.

*/s/ Holly Steele*
Holly Steele
3915 Nelson View Drive
Awendaw, SC 29429
Tel: 843-478-1010
Email: holly0143@gmail.com
*Plaintiff Pro Se*